UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

JOY A. JOLIVETTE                                   CIVIL ACTION 12-1740


VERSUS                                             U.S. DISTRICT JUDGE JAMES T. TRIMBLE, Jr.


CAROLYN COLVIN,                                    U.S. MAGISTRATE JUDGE JAMES D. KIRK
       Commissioner

REPORT AND RECOMMENDATION ON ATTORNEY FEES

In this case, plaintiff asks the court for an award of attorney's fees under the Equal Access

to Justice Act, 28 U.S.C. 2412(d), hereinafter "EAJA" [Doc. # 13].  The government does not

dispute claimant's entitlement to an award and it does not object to the hourly rate of $150 per

hour but it argues the total hours for which payment is sought is excessive.

Claimant's attorney, Mr. Oelkers, Executive Director of Acadiana Legal Service

Corporation, seeks payment for a total of 8 hours legal time and 50.5 hours legal assistant time at

the district court level. He seeks payment of $150 per hour for Mr. Oelkers' time and $75 per

hour for the legal assistant's time. This court has previously found such rates to be reasonable.

In addition, Mr. Oelkers seeks payment for legal efforts on appeal (which resulted in the

5th Circuit granting the government's motion to remand tot he Commissioner) of 2.5 hours legal

time and 76 hours legal assistant time.  The total legal and legal assistant time for which payment

is sought is 137 hours, totaling $11,062.50.

While the claimants attorney is entitled to be paid a reasonable fee the fee sought here is

grossly excessive and is unreasonable. In the Social Security EAJA fee award cases this court has

considered, the number of hours for which fees are sought generally are from 17 to 30 hours. That reflects the number of hours it takes most lawyers to handle a Social Security appeal to this court from start to finish. This case was not particularly difficult nor did it present novel issues of law or an exceptionally lengthy record. Mr. Oelkers has been representing Social Security claimants since 2002, a period of about 12 years. The legal assistant, Mr. Mitchell, asserts that he has specialized in Social Security representation since 1976, a period of 38 years. It should not have taken Mr. Oelkers and Mr. Mitchell 137 hours to handle this case. With such claimed experience, the case should not have required extensive legal research. The bottom line is that the claimant's attorney should have been able to handle the trial portion of the case in 17 to 30 hours as have the other attorneys practicing in our court. The writing of an appeal brief should not have required more than a few hours, at most. I have previously observed that 2 and ½ days should be adequate to write a trial brief. Because an appeal brief would be essentially a rewrite of the law and issues presented to the district court, such a brief could easily be prepared in a day.  I further note that much of the attorney's time in this case was not directly performed on the case, but was time spent talking to his legal assistant about the case. Hours for intra-office communications are not appropriate billable charges.

For the foregoing reasons, and considering the number of hours lawyers typically charge for this kind of work in our court, I find that 30 hours time at the district court level and 8 hours time at the appellate level is appropriate, for a total of 38 hours at an attorney's hourly rate of $150 for a total award of $5700.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that attorney's fees in the amount of $5,700  be awarded and ordered paid.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. .  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  No other briefs  (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a  final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 17th day of December, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE